United States District Court
Southern District of Texas
**ENTERED**
January 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE ELEODORO ANDRES-LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>GABRIEL MARTINEZ, Field Office Director of Enforcement and Removal Operations, Houston Field Office, Immigration and Customs Enforcement,<br><br>Defendant. | § § § § § § § § § § § § § CIVIL ACTION NO. H-25-6068 |

## ORDER

The petitioner, Jose Eleodoro Andres-Lopez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry No. 1). Andres-Lopez alleges that he was apprehended on August 8, 2025, and has been held in ICE custody without a proper bond hearing ever since even though he is entitled to such a hearing under 8 U.S.C. § 1226(a). (*Id.*).

The government's response points out, however, that on both September 3, 2025, and December 1, 2025, immigration judges held hearings and denied him bond not for lack of jurisdiction under 8 U.S.C. § 1225(b)(2), but because they found that Andres-Lopez was a danger to the community. (Docket Entry No. 6 at 2; Docket Entry No. 6-1; Docket Entry No. 6-2). In other words, the record seems to reflect that Andres-Lopez has already received the relief he seeks: a proper bond hearing under § 1226(a). This court has jurisdiction over the question of whether a petitioner is entitled to a bond hearing under § 1226(a) but does not have jurisdiction to review

discretionary decisions made by an immigration judge regarding bond. *See Fuentes v. Lyon*, No. 5:25-CV-00153, 2025 WL 3022478, at *3 (S.D. Tex. Oct. 29, 2025).

Andres-Lopez did not reply to the government respondents' response. Given the gravity of Andres-Lopez's detention, however, the court will extend the time to file a reply until January 26, 2026. Andres-Lopez must explain why his petition should not be dismissed because he has already received proper bond hearings. Failure to do so may result in dismissal of the petition.

SIGNED on January 19, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge