**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE ELEODORO ANDRES-LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-25-6068 |
| vs. | § | |
| | § | |
| WARDEN, Montgomery Processing | § | |
| Center, *et al.*, | § | |
| | § | |
| Respondents. | § | |
| | § | |

**ORDER OF DISMISSAL**

The petitioner, Jose Eleodoro Andres-Lopez, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by officials with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). Since filing the petition, however, the petitioner's order of removal has become final. (*See Automated Case Information*, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en (last visited July 27, 2026)).[1] The petitioner is no longer detained under 8 U.S.C. § 1225 and is instead now detained under 8 U.S.C. § 1231(a). *See Ruiz Carrillo v. Frink*, Civ. Action No. H-26-0914, 2026 WL 1067568, at *1 (S.D. Tex. Apr. 20, 2026); *Iunusali Muminov v. Warden, FCI Lewisburg*, No. 3:26-cv-911, 2026 WL 1104371, at *2 (M.D. Pa. Apr. 23, 2026); *Vargas Chacon*, No. 26-cv-00119, 2026 WL 1048383, at *2 (D.N.J. Apr. 17, 2026); *cf. Ibrahimi v. Bondi*, No. SA-25-CA-00768-XR, 2026 WL 915703, at *2 (W.D. Tex. Mar. 27, 2026).

---

[1] Publicly available information related to the petitioner's immigration proceedings may be found by searching for the petitioner by the petitioner's A-number and nationality at the Executive Office for Immigration Review's website, available at https://acis.eoir.justice.gov/en (last visited July 27, 2026). The EOIR website indicates that an immigration judge ordered the petitioner removed on February 13, 2026. No appeal to the Board of Immigration Appeals (BIA) was received, thus rendering the removal order administratively final.

Under § 1231(a), "when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, and the alien must be detained during that period." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (citations omitted). Under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), detention pursuant to § 1231(a) only becomes presumptively unreasonable after approximately six months. After that six-month period, "once the alien provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Because the petitioner's detention is now governed by § 1231, the court **dismisses** the petition, without prejudice. Any pending motions are **denied** as moot.

SIGNED on July 28, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2